**Clifford BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–00534–CR.**

Court of Appeals of Texas, Dallas.

April 19, 1994.

Allan Fishburn, Delhomme, Skrepnek & Fishburn, Dallas, for appellant.

Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before THOMAS, OVARD and WHITTINGTON, JJ.

## OPINION

THOMAS, Justice.

A jury found Clifford Bell guilty of murder and assessed punishment at thirty years' imprisonment. In six points of error, appellant complains the trial court committed reversible error by admitting into evidence various hearsay statements. Because we hold that all of the complained-of statements are not hearsay under the Texas Rules of Criminal Evidence, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

Appellant was standing with a group of people outside a nightclub. A motel is located across the street from the club. "Dimples," a prostitute, approached the group and said that a man with eleven $100 bills was in a room at the motel. Appellant borrowed a gun from one of the men in the group, walked to the motel, and entered the room. A number of shots were fired. Appellant then came out of the room and left the scene with two friends. Dallas police responded to a call at the motel, where they found paramedics attending a gunshot victim. The victim died from a single gunshot wound to the chest.

## COMPLAINED–OF TESTIMONY

### 1. Challenged statements

Appellant challenges the admissibility of several statements elicited during the testimony of Opal Simon and her daughter, Yolanda Simon. Both women were standing in the group with appellant on the night of the offense. During Opal Simon's testimony, the following colloquy occurred:

[PROSECUTOR]: Okay. So Dimples comes up to this group and what happens when Dimples comes up to this group?

[WITNESS]: *She was talking about the man that had some money—*

[DEFENSE COUNSEL]: Objection, Your Honor, calls for a hearsay response.

[THE COURT]: Overruled.

[PROSECUTOR]: Okay. She told you a man had some—told the group a man had some money? Did she tell you anything else more specifically?

[DEFENSE COUNSEL]: Objection, Your Honor, calls for hearsay. It's an out of court statement.

[THE COURT]: Overruled at this time.

[PROSECUTOR]: What did Dimples say?

[WITNESS]: *That this guy had eleven one-hundred dollar bills or something like that, and that's what she said.*

\*     \*     \*     \*     \*     \*

[PROSECUTOR]: What happened after—after that?

[WITNESS]: *After that, Clifford said he was going to go get the money.*

[DEFENSE COUNSEL]: Objection, Your Honor, that calls for a hearsay response.

[THE COURT]: I will sustain.

[PROSECUTOR]: Judge, that's a comment that was made by the Defendant.

[THE COURT]: So that's this Defendant here?

[PROSECUTOR]: Yes.

[THE COURT]: Oh, okay, overruled.

[DEFENSE COUNSEL]: Still an out of court statement, Your Honor.

[THE COURT]: I will overrule that. She is referring to Clifford, she is referring to this Defendant?

[PROSECUTOR]: Yes, sir.

[THE COURT]: Okay, fine.

Opal Simon then testified that appellant, armed with a pistol, crossed the street and entered the motel room. After shots were fired, appellant came out of the room and left in a car with two friends. Opal Simon saw appellant again later that night. In that connection, she testified as follows:

[PROSECUTOR]: Okay. What happened when you saw Clifford?

[WITNESS]: *He asked me what was going on over there.*

[DEFENSE COUNSEL]: Objection, Your Honor, hearsay response.

[THE COURT]: I will overrule that.

[PROSECUTOR]: Okay. You may answer the question. What happened when you saw Clifford?

[WITNESS]: *He asked me what was going on over there and I told him that somebody—*

[DEFENSE COUNSEL]: Objection, Your Honor, this is hearsay. It's an out of court statement offered for the truth. It's not an admission by a party opponent. It's simply an out of court statement. It's unreliable.

[THE COURT]: Overruled.

[PROSECUTOR]: You told Clifford what?

[WITNESS]: *That someone over there knew that he had did it or said he did it, knew that he had did it.*

Following Opal Simon's testimony, her daughter took the stand. Yolanda Simon also testified that Dimples approached the group and told them a man, who had a lot of money, was at the motel.[1] The challenged portion of Yolanda Simon's testimony was:

> [PROSECUTOR]: What was the defendant's response when he heard this?
>
> [DEFENSE COUNSEL]: I object, Your Honor. This is offered to prove the truth of the matter asserted, it's out of—
>
> [THE COURT]: It's an admission by the party opponent, so I'm going to let it in, subject to the hearsay rule, it's overruled, so let's get it in. She heard him say it.
>
> [PROSECUTOR]: Did you hear the Defendant make a statement in response to what Dimples had said?
>
> [WITNESS]: Yes, he say (sic), "*Where is he,*" you know, and he went back over to the motel.
>
> [PROSECUTOR]: What did you remember hearing or seeing after that?
>
> [WITNESS]: *Okay. He say something about Marlin, he say*—
>
> [DEFENSE COUNSEL]: Objection, Your Honor, hearsay response. Not everything the Defendant says is admission by a party opponent. I object.
>
> [THE COURT]: Okay. Well, fine, thank you. I'm glad to note your objection. I overrule it. Go ahead.
>
> [PROSECUTOR]: Now this was—Clifford made a statement?
>
> [WITNESS]: Yes.
>
> [PROSECUTOR]: What did Clifford say?
>
> [WITNESS]: *Just what room is he in,* you know, and he went back over there with her.

## 2. Applicable Law

■ Hearsay is a statement, other than one made by the declarant while testifying at the trial, offered in evidence to prove the truth of the matter asserted. TEX.R.CRIM. EVID. 801(d). The rule defines statement as "(1) an oral or written verbal expression or (2) nonverbal conduct of a person, if it is intended by him as a substitute for verbal expression." TEX.R.CRIM.EVID. 801(a). "Matter asserted" includes any matter explicitly asserted, and any matter implied by a statement, if the probative value of the statement as offered flows from the declarant's belief as to the matter. TEX.R.CRIM.EVID. 801(c).

■ The hearsay rule forbids evidence of out-of-court assertions to prove the fact asserted in them. The purpose behind the rule is to exclude evidence too unreliable to be evaluated accurately by the trier of fact. If the out-of-court statement is relevant only if the trier of fact believes that the statement was both truthful and accurate, then the statement is hearsay. If the relevancy of the statement does not hinge on the truthfulness of the statement, it is not hearsay. *See* HULEN D. WENDORF, DAVID A. SCHLUETER, ROBERT R. BARTON, TEXAS RULES OF EVIDENCE MANUAL, VIII–3 (3d ed. 1991). Thus, if the statement is not an assertion or is not offered to prove the facts asserted, it is not hearsay by definition.

■ Likewise, a statement is not hearsay if the statement is offered against a party and is his own statement. TEX.R.CRIM. EVID. 801(e)(2)(A). This rule, which *exempts* admissions by a party opponent from the hearsay definition, recognizes that admissions differ from hearsay exceptions. When dealing with admissions, the concern is no longer with reliability and trustworthiness of the statement. Rather, admissions are admitted on a notion that a party should not be allowed to exclude his own statement on the ground that what he said was untrustworthy.[2] *See* 2 STEVEN GOODE, OLIN GUY WELLBORN III & M. MICHAEL SHARLOT, GUIDE TO

---

1. Defense counsel's objection to this testimony was again overruled.

2. It is important to note that admissions by a party opponent under rule 801(e)(2)(A) are different than statements against interest, a hearsay exception under rule 803(24). *See* TEX.R.CRIM.

EVID. 803(24). A statement by a party qualifies as an admission under rule 801(e)(2)(A) even if it was not against interest when made. On the other hand, in order to qualify as an exception under rule 803(24), the statement must be against interest at the time it was made.

THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 801.7 (Texas Practice 1993).

### 3. Application of Law to Specific Statements

 PROSTITUTE'S STATEMENT: In the first point of error, appellant complains that the trial court erred by allowing Opal Simon to testify as to what the prostitute said when she approached the group. Appellant argues the statement was offered to prove that there was a man at the motel who had $1100 and was thus inadmissible. We disagree. The only assertion here is that the victim had $1100. Whether the victim in fact had $1100 is irrelevant. It is relevant to show the response it evoked from appellant, who apparently believed it to be true. It was not necessary that a trier of fact believe the truth or accuracy of the statement; the mere fact that it was said was relevant to show appellant had a motive to kill. Because the statement was not offered for its truth, it is not hearsay. TEX.R.CRIM.EVID. 801(d). Accordingly, we overrule the first point of error.

DEFENDANT'S STATEMENTS: In the second, third, fifth, and sixth points of error, appellant complains about the two witnesses testifying to *appellant's* out-of-court statements. Assuming that each of these statements was in fact an assertion for purposes of the hearsay rule, it was an admission of a party opponent. As such, the statements were not hearsay and were admissible as statements offered against appellant, which were appellant's own statements.[3] TEX.R.CRIM.EVID. 801(e)(2)(A); *see McDuffie v. State*, 854 S.W.2d 195, 209 (Tex.App.—Beaumont 1993, pet. ref'd). Accordingly, we overrule these points of error.

 WITNESS'S STATEMENT: In the fourth point of error, appellant argues the trial court erred by allowing Opal Simon to testify about her own out-of-court statement that "someone over there knew" he committed the offense. Appellant contends the statement was offered to prove appellant murdered the victim. We disagree. Whether another person or persons believed appellant killed the victim is simply not relevant. The State's purpose in offering this testimony was to show appellant's response to Opal Simon's remark, which was to walk away without saying anything in response. Because the statement was not offered for its truth, it was not hearsay. TEX.R.CRIM.EVID. 801(d).[4] We overrule the fourth point of error.

We affirm the trial court's judgment.

---

**3.** Appellant took the stand and denied making the statements. He testified that he did not see the two State's witnesses, Opal and Yolanda Simon, on the night of the murder. Although he testified he was in the area of the nightclub, he denied going to the motel and shooting the victim. Thus, appellant exercised one course of action available when his admissions were offered against him at trial, i.e., denying the statements.

**4.** Because we have determined that the statement was, by definition, not hearsay, we need not address whether the evidence was admissible under rule 801(e)(2)(B) (whether appellant's conduct was a statement which manifested his adoption or belief in the truth of the comment). *See* TEX.R.CRIM.EVID. 801(e)(2)(B).