NO. 12-07-00060-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




CORREY VANESSA HURST,
§
 APPEAL FROM THE 420TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS






MEMORANDUM OPINION


 Correy Vanessa Hurst pleaded guilty to charges of manslaughter and endangering a child and
was sentenced to imprisonment for seven years, probated for seven years, and two years respectively. 
Appellant raises five issues on appeal. We affirm.


Background


 Appellant was driving her pickup truck on Shawnee River Bottom Road, a dirt road in
southern Nacogdoches County, for a picnic on the river with her two children and some of their
friends. Appellant's six year old son, Mason, and Kristin Holliman, a thirteen year old friend of
Appellant's daughter, were riding in the truck with Appellant. When Appellant stopped the truck,
Kristin asked Appellant to allow her to ride on the truck's ranch hand bumper. (1) Appellant testified
that she allowed Kristin to ride on the bumper as she drove the truck at about five miles per hour. 
Appellant became distracted when Mason told her that one of the dogs riding in the truck's bed had
jumped out. When Appellant looked back toward the road, she could no longer see Kristin.

 Department of Public Safety Trooper Larry Linder, who responded to Appellant's 9-1-1 call,
testified that it appeared that when Appellant could no longer see Kristin, she abruptly steered the
truck into the ditch and stopped. He testified that it was at this point that Kristin apparently let go
of the bumper and fell into the ditch. Appellant then attempted to drive the truck out of the ditch. 
Linder testified that when Appellant drove forward, she realized she had hit something, but that
instead of stopping and investigating, she persisted to drive out of the ditch. Linder stated that as
Appellant drove forward, she spun the truck's tires, causing severe injuries to Kristin's head and
face. Kristin later died at the hospital from the injuries she sustained.

 Appellant was charged by indictment with manslaughter and endangering a child. Appellant
pleaded "guilty" to each of the charges. The matter proceeded to a trial on punishment. A jury
ultimately assessed Appellant's punishment at imprisonment for seven years, probated for seven
years, for her manslaughter conviction and imprisonment for two years for her endangerment of a
child conviction. This appeal followed.


Double Jeopardy


 In her first issue, Appellant contends that because she was convicted of the greater offense
of manslaughter, her conviction for endangering a child amounts to double jeopardy. The Double
Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice
having life or limb in jeopardy for the same offense. U.S. Const. amend. V. This clause protects
against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the
same offense after conviction, and (3) multiple punishments for the same offense. Ex parte
Watkins, 73 S.W.3d 264, 267 n.5 (Tex. Crim. App. 2002). Here, Appellant argues that she received
multiple punishments for the same offense because endangering a child is a lesser included offense
of manslaughter.

 To determine whether both charged offenses are the same, we must examine the elements
of the applicable statutes to determine whether each statute "requires proof of an additional fact
which the other does not." Blockburger v. U.S., 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed.
306 (1932); Parrish v. State, 869 S.W.2d 352, 353-55 (Tex. Crim. App. 1994). A person commits
manslaughter if she recklessly causes the death of an individual. See Tex. Penal Code
Ann. § 19.04 (Vernon 2003). A person commits the offense of endangering a child if she
intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in
conduct that places a child younger than fifteen years in imminent danger of death, bodily injury,
or physical or mental impairment. See Tex. Penal Code Ann. § 22.041(c) (Vernon Supp. 2007). 


 The indictments against Appellant in the case at hand tracked the language of the
aforementioned statutes. Appellant's indictment for manslaughter stated that Appellant "did then
and there recklessly cause the death of Kristin Holliman by failing to keep a proper lookout while
allowing the complainant to ride on the front of a moving motor vehicle being driven by the
defendant." On the other hand, Appellant's indictment for endangering a child alleged that
Appellant "did then and there intentionally, knowingly, and recklessly engage in conduct that placed
Kristin Holliman, a child younger than fifteen years of age and hereafter called the complainant, in
imminent danger of serious bodily harm and death, namely by driving a motor vehicle with the
complainant sitting on the front bumper." 

 Appellant contends that the operative element in each indictment is the allegation that she
acted recklessly. Appellant further contends that the elements of the offense of endangering a child
fit within the elements for the offense of manslaughter. Moreover, Appellant argues that both
convictions relied upon the same evidence. We disagree. 

 In reviewing the two indictments in this case, it is apparent that the indictment for
endangerment of a child does not contain the allegation that Appellant "caused the death of Kristin
Holliman" as does the manslaughter indictment. See, e.g., In re L.M., 993 S.W.2d 276, 283 (Tex.
App.-Austin 1999, pet. denied ) (criminally negligent homicide does not contain the same elements
as injury to a child). Moreover, endangering a child is not a lesser included offense of manslaughter
because manslaughter does not require proof of the victim's age. See id. Therefore, we hold that
Appellant's conviction for injury to a child is not barred by double jeopardy. Appellant's first issue
is overruled.


Hearsay Statement


 In her second issue, Appellant contends that the State improperly elicited through her a
hearsay statement made by her son, Mason, during her trial on punishment. Specifically, Appellant
contends that Mason's statement, "we didn't mean to kill Krissi," amounted to impermissible
hearsay. 

 We review the trial court's admission or exclusion of testimony under an abuse of discretion
standard. Delapaz v. State, 228 S.W.3d 183, 206 (Tex. App.-Dallas 2007, pet. ref'd). We will
uphold the trial court's decision unless it lies outside the "zone of reasonable disagreement." Id.;
see Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). Under an
abuse of discretion review, we will uphold the trial court's ruling on the admission or exclusion of
evidence if the ruling was proper under any legal theory or basis applicable to the case. See
Martinez v. State, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

 A statement is not hearsay if it is not offered to prove the facts asserted. Bell v. State, 877
S.W.2d 21, 24 (Tex. App.-Dallas 1994, pet. ref'd). "An extrajudicial statement or writing which is
offered for the purpose of showing what was said rather than for the truth of the matter stated therein
does not constitute hearsay." Dinkins v. State, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). "An
extra-judicial statement or writing may be admitted as circumstantial evidence from which an
inference may be drawn, and not for the truth of the matter stated, therein, without violating the
hearsay rule." Id. (quoting Gholson v. State, 542 S.W.2d 395, 398 (Tex. Crim. App. 1992)). In
Dinkins, the court held an appointment book found at the crime scene was not inadmissible hearsay
because the State offered the appointment book not to prove the truth of the matter asserted, but to
show the court how the appellant became a suspect. See Dinkins, 894 S.W.2d at 347. 

 In the case at hand, the State did not offer the statement to assert that Appellant and her son
did not intend to kill Holliman. Instead, the statement was offered to show that Appellant had sought
to cast part of the blame for Holliman's death on her young son and, thus, had not accepted full
responsibility for her actions. Therefore, the statement was not hearsay, and we hold that the court
did not err in admitting Mason's statement. 

 While such evidence is permissible, there remain boundaries. See Dillon v. State, No. 12-06-00135-CR, 2007 WL 4216253, at *10 (Tex. App.-Tyler Nov. 30, 2007, pet. ref'd) (mem. op., not
designated for publication). As Appellant notes in her brief, the out of court statements must have
relevance other than to prove the contents of the statements. See Delapaz v. State, 228 S.W.3d 183,
211 (Tex. App.-Dallas 2007, pet. ref'd). Evidence is relevant if it has any tendency to make the
existence of a fact that is of consequence to the determination of the action more or less probable
than it would be without the evidence. Tex. R. Evid. 401. Relevant evidence is generally
admissible. See Tex. R. Evid. 402. In noncapital felony cases, the general rule is that the State may
present evidence as to any matter the trial court, in the legitimate use of its discretion, may deem
relevant to sentencing. See Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1) (Vernon Supp. 2007);
Moreno v. State, 38 S.W.3d 774, 777 (Tex. App.-Houston [14th Dist.] 2001, no pet.).

 Here, Mason's statement was admitted during Appellant's trial on punishment. The issue
before the jury was what sentence should be assessed. See Haley v. State, 173 S.W.3d 510, 515
(Tex. Crim. App. 2005). Evidence is relevant to the assessment of punishment if it provides
information about the defendant's life and characteristics. Minor v. State, 91 S.W.3d 824, 830 (Tex.
App.-Fort Worth 2002, pet. ref'd). Whether Appellant had, in fact, accepted responsibility for her
actions was a factor that the jury was entitled to consider in assessing her punishment. Therefore,
we conclude that Mason's statement was relevant to the issue of Appellant's punishment. 
Appellant's second issue is overruled.


Inflammatory Testimony


 In her third issue, Appellant contends that the trial court abused its discretion in admitting
the testimony of Kristin Holliman's mother, Shannon Wortham. Wortham testified that when she
arrived at the hospital, several people tried to place her in a room in the hospital where she had been
when her husband died five years before. Appellant objected to this portion of Wortham's testimony
pursuant to Texas Rule of Evidence 403. 

 Although evidence may be relevant, a trial court may properly exclude it if its probative
value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury. See Tex. R. Evid. 403. In evaluating the trial court's determination under Rule
403, a reviewing court will reverse the trial court's judgment only after a clear abuse of discretion
is shown because the trial court is in a superior position to gauge the impact of the relevant evidence. 
See Martin v. State, 176 S.W.2d 887, 895 (Tex. App.-Fort Worth 2005, no pet.) (citing Mozon v.
State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999)). We will declare that the trial court erred by
failing to exclude the evidence if, upon objective review of the relevant criteria, we conclude that
the danger of unfair prejudice substantially outweighs its probative value. See Martin, 176 S.W.3d
at 895 (citing Montgomery v. State, 810 S.W.3d 372, 392 (Tex. Crim. App. 1991) (op. on reh'g)). 
As long as the trial court's ruling is within the zone of reasonable disagreement, we will not disturb
it. Id. at 391. 

 In the case at hand, Wortham testified, in pertinent part, as follows:


 Q. When you got to the hospital, what happened then?


 A. I was screaming for my child and they wouldn't let me see her.


 Q. Did they try to get you to go to a certain place?


 A. Yes ma'am.


 Mr. Heath: Objection, 403. We may need to be heard on this.


 The Court: Y'all approach the Bench please.


 (At the Bench, off the record.)


 The Court: Overruled. You may proceed, Ms. Stephens.


 Q. (By Ms. Stephens) When you got there to the hospital, did you see people that you
knew?


 A. Yes ma'am.


 Q. And were there other people you didn't know?


 A. Oh, yes, ma'am.


 Q. What were you trying to do?


 A. See my baby.


 Q. Now, would they let you see Krissi right then?


 A. No, ma'am.


 Q. What did they try to get you to do?


 A. Go in the room that they put me in when my husband was killed.


 Q. When they tried to get you to go in this room, what was your reaction?


 A. I became hysterical. I couldn't go in that room.


 Q. Did you ever go in it?


 A. No ma'am.


 Appellant first contends that Wortham's testimony inflamed the jury against her because she
was one of the individuals trying to place Wortham in the room. Based on our review of Wortham's
testimony, we do not conclude that its probative value is great with regard to the issue of Appellant's
punishment. Nonetheless, we disagree with Appellant's argument that such testimony unfairly
prejudiced Appellant in the jury's assessment of her sentence. Wortham did not testify that
Appellant was among the people she vaguely described as "they," who tried to put her in the room
where she learned her husband died five years before. In her brief, Appellant notes that Wortham
pointed at Appellant when she referred to "they." However, there is no indication in the record of
any physical actions accompanying Wortham's description to support Appellant's assertion. Rather,
the logical conclusion from Wortham's testimony is that several persons, some of whom she knew
and some of whom she did not know, acting in concert, attempted to have her wait in a room. From
the state of the record, we cannot conclude that the jury surmised that Appellant had anything to do
with such actions. Thus, we conclude that the probative value of such testimony was not
substantially outweighed by the danger of unfair prejudice.

 Appellant further contends that there is no indication of record that the trial court conducted
a balancing test pursuant to Rule 403. Indeed, while the record reflects that a bench conference was
held following Appellant's objection, there is no record that the trial court expressly conveyed its
analysis under Rule 403. However, a trial judge is not required to sua sponte place on the record any
findings he makes or conclusions he draws when engaging in a Rule 403 balancing test. See
Williams v. State, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). Rather, a judge is presumed to
have engaged in the required balancing test once Rule 403 is invoked. Id. A silent record with
regard to the trial court's conduct of the requisite analysis on this issue does not imply that such
analysis was not undertaken. Id. at 195-96. Given this presumption, and absent any evidence of
record to rebut the presumption, we conclude that the trial court properly conducted the requisite
Rule 403 balancing test. Appellant's third issue is overruled.


Cruel and Unusual Punishment


 In her fourth issue, Appellant contends that the two year sentence imposed on her for
endangering a child is so disproportionate to the crime for which she was convicted that her sentence
violated the cruel and unusual punishment clause of the United States Constitution. See U.S. Const.
amend. VIII. However, Appellant made no timely objection to the trial court raising the issue of
cruel and unusual punishment and has, therefore, waived the issue on appeal. See Willis v. State,
192 S.W.3d 585, 595-97 (Tex. App.-Tyler 2006, pet. ref'd); see also Tex. R. App. P. 33.1. 

 Even absent waiver, we conclude that Appellant's sentence did not constitute cruel and
unusual punishment. Appellant was convicted of endangering a child. See Tex. Penal Code Ann.
§ 22.041(c). The punishment range for such an offense is between 180 days and two years. See
Tex. Penal Code Ann. §§ 22.041(f), 12.35(a) (Vernon Supp. 2007). Here, the sentence imposed
by the trial court falls within the range set forth by the legislature. Id. Therefore, the punishment
is not prohibited as cruel, unusual, or excessive per se. See Harris v. State, 656 S.W.2d 481, 486
(Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Davis v.
State, 905 S.W.2d 655, 664 (Tex. App.-Texarkana 1995, pet. ref'd).

 Nonetheless, we have considered the threshold question of whether Appellant's sentence is
grossly disproportionate to the crime. See, e.g., McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.),
cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.-Texarkana 1999, no pet.); see also Harmelin v. Michigan, 501
U.S. 957, 1005, 111 S. Ct. 2680, 2707, 115 L. Ed. 2d 836 (1991); Solem v. Helm, 463 U.S. 277,
298-300, 103 S. Ct. 3001, 3013-15, 77 L. Ed. 2d 637 (1983). In reaching this conclusion, we are
guided by the holding in Rummel v. Estelle, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980),
in which the Supreme Court upheld the appellant's mandatory life sentence under a prior version of
the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. Id., 445
U.S. at 266, 100 S. Ct. at 1135. Since here the offense committed by Appellant--endangering a
child--is far more serious than any of the offenses committed by the appellant in Rummel, and
Appellant's two year sentence is far less severe than the life sentence upheld by the Supreme Court
in Rummel, it follows that if the sentence in Rummel was not unconstitutionally disproportionate,
then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do
not find the threshold test to be satisfied, we need not apply the remaining elements of the Solem
test. (2) Appellant's fourth issue is overruled.


 Legal and Factual Sufficiency 


 In her fifth issue, Appellant contends that the evidence was legally and factually insufficient
to support her two year sentence for endangering a child. The general rule is that as long as a
sentence is within the statutory range, it will not be disturbed on appeal. See Gerhardt v. State, 935
S.W.2d 192, 196 (Tex. App.-Beaumont 1996, no pet.) (citing Jackson v. State, 680 S.W.2d 809,
814 (Tex. Crim. App. 1984)). As set forth above, Appellant's sentence for her endangering a child
conviction falls within the permissible statutory range. As such, we hold that the evidence is legally
sufficient to support Appellant's sentence.

 Furthermore, a review of the evidence for factual insufficiency is inappropriate with respect
to the assessment of the punishment. See Bradfield v. State, 42 S.W.3d 350, 351 (Tex.
App.-Eastland 2001, pet. ref'd); Kanouse v. State, 958 S.W.2d 509, 510 (Tex. App.-Beaumont
1998, no pet.); Flores v. State, 936 S.W.2d 478, 479 (Tex. App.-Eastland 1996, pet. ref'd). 
Therefore, we decline to conduct a factual sufficiency review of the evidence with regard to the
assessment of Appellant's punishment. Appellant's fifth issue is overruled.


Disposition


 Having overruled Appellant's five issues, we affirm the trial court's judgment.


 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered July 23, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.





(DO NOT PUBLISH)
1. A ranch hand bumper is a bumper that extends in a rectangle shape around the headlights and grill of a
pickup and protrudes slightly above the hood. In this case, the ranch hand bumper was on the front of the truck.
2. Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense
and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the
sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S. Ct. at
3011.