COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                        | §  |                          |
| ---------------------- | -- | ------------------------ |
| REGINALD FRANKLIN,     | §  | No. 08-08-00274-CR       |
|                        | §  |                          |
| Appellant,             |    | Appeal from the          |
|                        | §  |                          |
| V.                     |    | 120th District Court     |
|                        | §  |                          |
| THE STATE OF TEXAS,    |    | of El Paso County, Texas |
|                        | §  |                          |
| Appellee.              |    | (TC# 20070D05639)        |
|                        | §  |                          |
|                        | §  |                          |

**O P I N I O N**

Reginald Franklin was convicted of assault causing bodily injury against a family member, enhanced by several prior felony convictions, and prior convictions for domestic violence. He elected to have the trial court assess punishment, and he was sentenced to 40 years' imprisonment. He raises three issues alleging evidentiary error and a violation of his Sixth Amendment right to confrontation. Affirmed.

Appellant and Ms. Maria Yslas were romantically involved for approximately three years. In November of 2007, they were homeless, and living on the streets in El Paso. On Monday, November 5, they arranged to stay with a one of Appellant's friends, Mr. Raymond Reskey, in his apartment. After dinner and a few beers, the couple started arguing. Eventually, the argument turned physical. First, Appellant threw Ms. Yslas against the apartment wall and struck her, and banged her head against the wall. Then Appellant grabbed Ms. Yslas by the arms, threw her on the bed, climbed on top of her, and choked her by wrapping his hands around her

neck.

After Appellant released Ms. Yslas, he instructed her to write a letter stating that her allegations of abuse were false, that Appellant had never harmed her, and apologizing to law enforcement for making accusations against Appellant. After she wrote the letter, Ms. Yslas pretended to go to sleep because she was afraid of what Appellant would do if she tried to leave the apartment.

The next afternoon, the couple drank, and eventually started arguing again. At some point during the argument, Appellant left the apartment. Ms. Yslas took the opportunity, to go to the apartment manager's office and call the police. El Paso Police Office Amanda Vega was the first officer to arrive at the apartment complex. The officer observed Ms. Yslas crying, and observed a bruise on her arm and red marks around her neck. During trial, the officer testified that based on her experience responding to domestic violence reports, the marks on Ms. Yslas's neck appeared to be impressions made by a human hand. Other officers located Appellant at a gas station not far from the apartment complex. Appellant told the officers his version of the events and voluntarily accompanied them back to the apartment complex. After conferring with Officer Vega, the officers placed Appellant under arrest.

Appellant was later convicted for the offense of assault, enhanced by the domestic relationship between Appellant and the victim, and further enhanced by a finding that Appellant was a habitual offender. The trial court sentenced Appellant to forty years' imprisonment. Appellant raises three issues on appeal. In Issue One, he challenges the trial court's ruling admitting States Exhibit Ten, a copy of the letter Ms. Yslas wrote following the assault on November 5, 2007. In Issue Two, Appellant contends that the trial court's decision to allow

Mr. Reskey to testify that Appellant forced Ms. Yslas to write the letter represented by State's Exhibit Ten was an abuse of discretion. In Issue Three, Appellant argues the trial court abused its discretion and denied Appellant his Sixth Amendment right to confront the witnesses against him by prohibiting Appellant from presenting certain evidence.

Issues One and Two, both address the trial court's decision to allow Mr. Reskey to testify that Appellant coerced Ms. Yslas to write a letter retracting allegations of domestic abuse immediately following the assault on November 5. In Issue One, Appellant argues Mr. Reskey's testimony constituted inadmissible hearsay, containing extraneous offense evidence. In Issue Two, Appellant argues Mr. Reskey's testimony was more prejudicial than probative, and its admission resulted in Appellant being denied a fair trial. We will address each issue in turn.

During trial, the State offered Mr. Reskey's testimony about the letter under the theory that Appellant's instructions to Ms. Yslas constituted admissions by a party opponent and were not hearsay pursuant to Texas Rule of Evidence 801(e)(2). Appellant contends the trial court's decision to overrule his objection and admit the evidence in accordance with the State's theory was error. A ruling admitting or excluding evidence is subject to an abuse of discretion review. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex.Crim.App. 2007). Under the abuse of discretion standard, the appellate court must uphold the trial court's ruling so long as it is within the zone of reasonable disagreement. *Robbins v. State*, 88 S.W.3d 256, 260 (Tex.Crim.App. 2002).

Texas Rule of Evidence 801(e)(2)(A) provides that a statement is not hearsay if the statement is offered against a party and is his own statement. *See* TEX.R.EVID. 801(e)(2)(A). The rule exempts admission by a party opponent from the hearsay definition because a party should not be allowed to exclude his own statement on the basis that what he said was

untrustworthy. *See Bell v. State*, 877 S.W.2d 21, 24 (Tex.App.--Dallas 1994, pet. ref'd). In addition, there is no requirement in the language of Rule 801(e)(2)(A) which requires the statement to admit to an element of the offense to qualify as an admission. *Perkins v. State*, 902 S.W.2d 88, 98-9 (Tex.App.--El Paso 1995, no pet.). Likewise, if the relevancy of the out-of-court statement does not hinge on the truthfulness of the statement, it is not hearsay. *Bell*, 877 S.W.2d at 24.

Mr. Reskey testified that immediately following the assault, Appellant instructed Ms. Yslas to write a letter, and told her to write something saying that she filed false charges against him. Appellant argues that because Mr. Reskey was not a party opponent, his testimony is not admissible under Rule 801(e)(2)(A). By its own terms it is not directed at statements made by the testifying witness, but at out-of-court statements, made by a party to the case. *See* TEX.R.EVID. 801(e)(2)(A). Because Mr. Reskey's testimony was about what Appellant, a party to the case, said to the victim after the assault, the evidence fits the definition of the rule and was not hearsay. *See Bell*, 877 S.W.2d at 25. Issue One is overruled.

With regard to Appellant's Rule 403 and corresponding 404(b) extraneous offense arguments, defense counsel's objection to Mr. Reskey's testimony was limited to the hearsay rule. In order to preserve a particular complaint for appellate review, a party must make a timely objection and articulate to the trial court the specific grounds for the desired ruling. *See* TEX.R.APP.P. 33.1(a). When the objection made during trial does not comport with the argument made on appeal, the appellant has failed to preserve the argument for our review. *See Martinez v. State*, 91 S.W.3d 331, 336 (Tex.Crim.App. 2002). Because the arguments Appellant now raises in Issue Two do not comport with the objections and arguments made in the trial court, these

-4-

arguments have not been preserved for review. *Martinez*, 91 S.W.3d at 336. Accordingly, Issue Two is overruled.

In Issue Three, Appellant contends the trial court erred by not permitting the defense to put on evidence that Ms. Yslas had a history of making false allegations against Appellant, thereby denying Appellant his Sixth Amendment right to confront the witnesses against him. During his cross-examination, defense counsel attempted to elicit testimony that Ms. Yslas had filed false reports of abuse against Appellant in the past, at least one of which was filed while Appellant was imprisoned for another offense. Counsel argued that the State had opened the door for cross-examination regarding Ms. Yslas's history in order to fully test her credibility as a witness. Outside the presence of the jury, defense counsel examined Ms. Yslas with medical and police records in an attempt to show that she had a history of false reports of domestic violence. Ms. Yslas insisted that she did not remember calling the police on a prior occasion, and did not remember telling a neighbor that Appellant had beaten her on a prior occasion, nor that she was hospitalized on another occasion. Counsel argued that the evidence was relevant and probative of Ms. Yslas's character and her credibility as a witness. Counsel did not raise the Sixth Amendment Confrontation Clause as a basis for admissibility during the hearing. Accordingly, as in Issue Two, because Appellant's objections at trial do not comport with the argument he now raises on appeal, they are not preserved for appellate review. *See* TEX.R.APP.P. 33.1(a); *Martinez*, 91 S.W.3d at 336. Issue Three is overruled.

Having overruled all of Appellant's issues, we affirm the trial court's judgment.

July 28, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)