**Opinion issued October 4, 2012**



In The

# Court of Appeals

For The

# First District of Texas

——————————————

## NO. 01-08-00820-CR

——————————————

**DEANDRE DAVEYON HUMPHREY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1102273**

---

## MEMORANDUM OPINION

A jury convicted appellant, Deandre Daveyon Humphrey, of capital murder,

and, because the State did not seek the death penalty, the trial court automatically

assessed his punishment at confinement for life.[1]  In his first through fifth issues, appellant contends that the trial court erred in admitting certain statements made by an interrogating officer during his recorded custodial interview because they constituted inadmissible hearsay.  In his sixth through tenth issues, appellant contends that admission of the statements violated his Sixth Amendment right of confrontation.

We affirm.

## Background

In December 2005, police discovered the body of Alex Mitchell, Jr. in the trunk of a car that had been set on fire and abandoned in a vacant lot on a dead-end street in Harris County, Texas.  In the course of the subsequent investigation, the police developed several suspects, including appellant, also known as "House," Deaundre "Dre" Randall, Dewayne Champion, Rasiya Thompson, and Anthony "Tony" Summerville.

On the day of Mitchell's death, Randall asked him to help move stuff from a vacant house on Doolittle Street.  When Mitchell arrived, Randall, Champion, Thompson, Somerville, and appellant attacked him with a stick, a wooden baseball bat, and a metal baseball bat.  During the attack, appellant removed Mitchell's

---

[1]    *See* TEX. PENAL CODE ANN. § 12.31(a) (Vernon 2011), § 19.03(a)(2) (Vernon Supp. 2012).

2

shoes. The attackers then pushed Mitchell out of a window and placed him in the trunk of his own car. Later that night, after dropping off the rest of the attackers, appellant and Thompson set fire to the car with Mitchell, beaten but still alive, in the trunk. Officers later recovered Mitchell's shoes from appellant's bedroom.

Police arrested appellant in connection with this crime, and appellant gave a videotaped statement. In the videotaped interview, appellant stated that his only knowledge about the crime came from watching the news, and the officers responded that "Dre is saying something else." Appellant also indicated that he did not know anything about a plan to attack Mitchell, and the officers stated, "Rasiya said you beat him up, the boy in the trunk." Appellant also told the officers that he did not know Mitchell was in the trunk when his friends, driving Mitchell's car, picked him up and that he was not present when the car was burned. The interrogating officers replied, at various points, "We were told, people told, that you and Rasiya burned the car. That's what people are telling us"; "Dre is saying that Rasiya and House burned the car. Dre knows this because he talked to them on the phone"; and "Olivia said the boy was in the trunk. Rasiya said the boy was in the trunk. Dre says that he was in the trunk."

At the pre-trial suppression hearing, appellant objected to these statements made by the investigating officers, arguing that the statements were hearsay and that they violated his right of confrontation under the Sixth Amendment. The trial

3

court overruled appellant's objections and ruled that the videotape was admissible.

Officer Benavidez testified at trial regarding the course of the investigation and the

information developed from several sources, including information police received

from other suspects. The State played appellant's interview for the jury, and the

trial court granted appellant a running objection to the statements on the same

grounds as those asserted at the suppression hearing.[2] Officer Benavidez then

testified that interrogating officers do not always tell a suspect everything they

know during an interview and that they do not always tell a suspect the truth.

**Hearsay**

In his first five issues, appellant argues that the trial court erred in allowing

the jury to see the videotape of his interview with police because it included

inadmissible hearsay statements. Specifically, appellant complains about the

following statements made by Officer Benavidez during the interrogation: (1) "Dre

is saying something else"; (2) "We were told, people told, that you and Rasiya

burned the car. That's what people are telling us"; (3) "Dre is saying that Rasiya

and House burned the car. Dre knows this because he talked to them on the

---

[2]     We observe that appellant did not request a limiting instruction. *See* TEX. R. EVID.
105(a) (providing that when evidence is admitted for limited purpose, court may,
upon request, restrict evidence to its proper scope and instruct jury accordingly,
"but, in the absence of such request the court's action in admitting such evidence
without limitation shall not be a ground for complaint on appeal"); *Hammock v.
State*, 46 S.W.3d 889, 892–93 (Tex. Crim. App. 2001) (holding that party
opposing admission of evidence bears burden of requesting limiting instruction
and, in absence of such request, evidence is admitted for all purposes).

4

phone"; (4) "Olivia said the boy was in the trunk. Rasiya said the boy was in the trunk. Dre says that he was in the trunk"; and (5) "Rasiya said you beat him up, the boy in the trunk."

## A.    Standard of Review

We review the trial court's ruling on the admissibility of evidence for an abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). We must review the trial court's ruling in light of the evidence before the trial court at the time the ruling was made. *Id.* We will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id.*

Hearsay is a statement, other than one made by the declarant while testifying at trial, that a party offers to prove the truth of the matter asserted. TEX. R. EVID. 801(d); *Baldree v. State*, 248 S.W.3d 224, 230–31 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Hearsay statements are inadmissible, except as provided by statute or other rule. TEX. R. EVID. 802. A statement that is not offered to prove the truth of the matter asserted, but rather is offered for some other reason, does not constitute hearsay. *Guidry v. State*, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999); *see Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). "An extrajudicial statement or writing which is offered for the purpose of showing *what* was said rather than for the *truth* of the matter stated therein does not constitute hearsay." *Dinkins*, 894 S.W.2d at 347 (emphasis in original); *Parker v. State*, 192

S.W.3d 801, 807 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *see also Bell v. State*, 877 S.W.2d 21, 24 (Tex. App.—Dallas 1994, pet. ref'd) (stating that if relevancy turns on truthfulness or accuracy of contents of statement, it is hearsay).

## B.    Analysis

Appellant argues that the statements made by Officer Benavidez are hearsay because they were offered to prove the truth of the matter asserted. The State argues that the statements of Officer Benavidez were offered solely to prove what the officers said during the interview to elicit certain responses from appellant. We agree with the State.

Here, the relevance of the statements does not turn on their accuracy. The State did not assert that the statements were truthful. At trial, Officer Benavidez even admitted that police are not always truthful when interrogating suspects. Rather, these statements are relevant to show what was said to bring about certain responses from appellant that led officers to believe that appellant had not been truthful in his prior statements to police. *See Guidry*, 9 S.W.3d at 152; *Dinkins*, 894 S.W.2d at 347. As such, the truthfulness or accuracy of the officer's statements has no bearing on their relevance. *See Bell*, 877 S.W.2d at 24. Therefore, the statements by Officer Benavidez during the interview were not offered to prove the truth of the matter asserted and do not constitute inadmissible

6

hearsay. *See Guidry*, 9 S.W.3d at 152; *Dinkins*, 894 S.W.2d at 347; *Parker*, 192 S.W.3d at 807.

Thus, we conclude that the trial court did not abuse its discretion in overruling hearsay objections to the statements made by Office Benavidez during appellant's recorded interview.

We overrule appellant's first through fifth issues.

## Confrontation Clause

In his sixth through tenth issues, appellant contends that the trial court's admission of Officer Benavidez's statements in the recorded interview violated appellant's rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution by denying him the opportunity to confront and cross-examine those witnesses against him.

**A.     Standard of Review**

Whether the admission of evidence violates the Confrontation Clause is a question of law, and we review such questions de novo. *See Wall v. State*, 184 S.W.3d 730, 742–43 (Tex. Crim. App. 2006).

"The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" *Crawford v. Washington*, 541 U.S. 36, 42, 124 S. Ct. 1354, 1359 (2004) (quoting U.S. CONST. amend. VI). The Confrontation Clause

prohibits the admission of testimonial statements unless the declarant is not available to testify and the accused had a prior opportunity for cross-examination. *Crawford*, 541 U.S. at 68, 124 S. Ct. at 1374; *see Woodall v. State*, 336 S.W.3d 634, 642 (Tex. Crim. App. 2011) (holding that, in reviewing Confrontation Clause challenge, appellate courts must "first determine whether the Confrontation Clause is implicated," i.e., whether out-of-court statement was made by witness absent from trial and was testimonial in nature).

However, the Court of Criminal Appeals has stated:

[T]he Supreme Court has observed that an out-of-court statement, even one that falls within its definition of "testimonial" statements, is not objectionable under the Confrontation Clause to the extent that it is offered for some evidentiary purpose other than the truth of the matter asserted. When the relevance of an out-of-court statement derives solely from the fact that it was made, and not from the content of the assertion it contains, there is no constitutional imperative that the accused be permitted to confront the declarant. In this context, the one who bears "witness against" the accused is not the out-of-court declarant but the one who testifies that the statement was made, and it satisfies the Confrontation Clause that the accused is able to confront and cross-examine him.

*Langham v. State*, 305 S.W.3d 568, 576–77 (Tex. Crim. App. 2010) (citing *Crawford*, 541 U.S. at 59 n.9, 124 S. Ct. at 1369 n.9, and *Tennessee v. Street*, 471 U.S. 409, 414, 105 S. Ct. 2078, 2082 (1985) ("The *nonhearsay* aspect of [the out-of-court declarant's] confession—not to prove what happened at the murder scene but to prove what happened when respondent confessed—raises no Confrontation Clause concerns. The Clause's fundamental role in protecting the right of cross-

8

examination . . . was satisfied by [the interrogating officer's] presence on the stand.") (emphasis in original)).

## B.    Analysis

We have already concluded that the statements made by Officer Benavidez while interrogating appellant were not made to establish the truth of the matters allegedly asserted by Dre, Rasiya, or Olivia.  Rather, they were admitted as part of appellant's recorded interview with police and served to establish the context of the statement appellant made to police.  Thus, the relevance of the alleged out-of-court statements derives solely from the fact that Officer Benavidez made them during the interrogation and not from their content.  *See Langham*, 305 S.W.3d at 577.  Officer Benavidez was the person "bearing witness" against appellant—not the people whom the officer claimed made the original statements—and he was available for confrontation and cross-examination at trial.  Thus, the requirements of the Confrontation Clause were satisfied.  *See id.*

We overrule appellant's sixth through tenth issues.

## Conclusion

We affirm the judgment of the trial court.

                                        Evelyn V. Keyes
                                        Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).