**Affirmed as Modified; Opinion Filed February 15, 2017.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01264-CR

### MARCUS DEWAYNE WILLIAMS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1335320-R**

# MEMORANDUM OPINION
Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

Marcus Dewayne Williams appeals his jury conviction for third degree felony assault involving family violence. In a single issue, he complains the trial court erred in overruling his objection to hearsay testimony by the responding officer. As modified, we affirm the trial court's judgment.

## I. FACTUAL BACKGROUND

The State charged Williams by indictment alleging he struck and choked his wife with his hand. To elevate the offense from a Class A misdemeanor to a third degree felony, the State further alleged two prior convictions for terroristic threat against a family member. *See* TEX. PENAL CODE ANN. § 22.01(a)(1),(b)(2)(A) (West Supp. 2016). The State also alleged a prior conviction for murder for punishment enhancement purposes. *See id.* § 12.42(a).

At trial, Williams's wife testified as to the events leading up to the assault and described the assault in detail. Additionally, her sister and responding officer testified as to her emotional state following the assault, and pictures they took of her neck and face were admitted into evidence.

Williams did not testify and did not call any witnesses, but pleaded true to having a prior conviction for terroristic threat against a family member. The jury found him guilty and, following punishment testimony and Williams's plea of true to the enhancement paragraph, assessed a nine year sentence.

## II. ADMISSION OF HEARSAY

Williams' sole issue stems from the following portion of the prosecutor's examination of the responding officer:

Q. And can you tell the jury, what do you recall [Williams's wife] relaying to you about what happened?

A. She told me that she was assaulted by her husband, the defendant. She said that this [sic] was a few people that were over at the apartment that night. She was talking to, I believe it's the defendant's sister. Something about -- they told her that he was –

[DEFENSE COUNSEL]; Objection to hearsay, Your Honor.

[PROSECUTOR]: Your honor, I believe that the predicate has been laid for excited utterance.

[DEFENSE COUNSEL]: No.

[THE COURT]: Yeah, you objection's overruled.

[PROSECUTOR]: You can proceed.

A. She made a statement earlier about someone calling someone a snake in the grass. And I guess that got brought up and somehow -- [Williams's wife] had mentioned before or made that statement and it got relayed that that individual was [Williams] and –

Williams asserts the trial court erred in admitting the officer's testimony "about a 'snake in the grass'" and "that the 'snake' was [Williams]" because the testimony was "double hearsay" and not an excited utterance. In response, the State argues, among other contentions, that the complained-of testimony was not hearsay because it was not offered for the truth of the matter asserted.

### A. Applicable Law

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Generally, hearsay statements are inadmissible unless an exception applies. *See id.* 802; *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005). An excited utterance, or "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused," is an exception. TEX. R. EVID. 803(2).

### B. Standard of Review

An appellate court reviews a trial court's decision to admit evidence for abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82-83 (Tex. Crim. App. 2016). The appellate court will not disturb the trial court's ruling if the ruling is within the "zone of reasonable disagreement" and correct on any theory of law, even if the prevailing party did present that theory to the trial court or the trial court did not rely on that theory. *Id.* at 83, 93; *State v. Esparza*, 413 S.W.3d 81, 85 (Tex. Crim. App. 2013); *Hailey v. State*, 87 S.W.3d 118, 121 (Tex. Crim. App. 2002).

### C. Application of Law to Facts

Although the State did not urge at trial that the complained-of portion of the officer's testimony was not hearsay and the trial court did not rely on that theory in overruling the objection, we conclude the State's contention on appeal is correct. *See Esparza*, 413 S.W.3d at

85; *Hailey*, 87 S.W.3d at 121. The record reflects the officer testified after Williams's wife, and Williams's wife had testified the assault occurred after she relayed to Williams, in front of his sister and his brother, a comment Williams's sister had shared with her. Given Williams's wife's testimony and the context in which the officer's testimony arose, the complained-of testimony was not offered to prove someone called Williams a "snake" and Williams is a "snake" but to explain what happened immediately before the assault. *See* TEX. R. EVID. 801(d); *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995) (murder victim's appointment book and patient application not hearsay where offered to show how appellant became suspect); *Bell v. State*, 877 S.W.2d 21, 25 (Tex. App.—Dallas 1994, pet. ref'd) (statement by witness that another person had stated to witness and appellant that murder victim had $1100 in cash not hearsay where offered to show appellant's motive to kill). On the record before us, we decide Williams's sole issue against him.

### III. MODIFICATION OF JUDGMENT

We observe the judgment incorrectly recites Williams pleaded guilty, instead of not guilty, to the charged offense. Further, although only one punishment enhancement paragraph was alleged, the judgment recites Williams's plea to, and the jury's findings on, the first enhancement paragraph were "N/A" and his plea to, and the findings on, the second enhancement paragraph were "True." Because an appellate court has the authority to modify an incorrect judgment to make the record speak the truth, we modify the judgment to reflect Williams pleaded not guilty to the charged offense, he pleaded true to the first enhancement paragraph, and the second enhancement paragraph is not applicable, "N/A." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

## IV. CONCLUSION

As modified, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
151264F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS DEWAYNE WILLIAMS,
Appellant

No. 05-15-01264-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1335320-R.
Opinion delivered by Justice Lang. Justices
Myers and Evans participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment to reflect appellant pleaded not guilty to the charged offense. We further **MODIFY** the judgment to reflect appellant's plea to, and the findings on, the first enhancement paragraph as "TRUE" and the plea to, and the findings on, the second enhancement paragraph as "N/A."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 15th day of February, 2017.