**Monique Renee BRAXTON, Appellant**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–06–00360–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 8, 2007.

Discretionary Review Dismissed May 9, 2007.

Randall J. Ayers, Houston, TX, for Appellant.

Donald W. Rogers Jr., Assistant District Attorney, Charles A. Rosenthal, Jr., Dis-

trict Attorney-Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Monique Renee Braxton, shot and killed her husband following an argument. The jury was instructed on the law of self-defense. Rejecting that argument, the jury convicted appellant of murder and assessed her punishment at 46 years in prison.[1] In two issues, appellant contends that the trial court erred during jury selection by allowing the State to ask an improper commitment question regarding self-defense and by granting the State's challenges for cause based on the answers to the commitment question.

We affirm.

### Improper Commitment Question

In her first issue, appellant contends that the trial court erred when it allowed the State to ask the venire panel an improper commitment question. Specifically, appellant asserts that "the trial court erred when it allowed the State to improperly commit venire members during voir dire to the proposition that they would be more likely to consider a claim of self-defense made by a woman."

### A. Standard of Review and Applicable Legal Principles

■ The trial court has broad discretion over the process of selecting a jury. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim.App.2002). Thus, we review a trial court's ruling on an allegedly improper commitment question during voir dire for

an abuse of discretion. *Atkins v. State*, 951 S.W.2d 787, 790 (Tex.Crim.App.1997).

■ The purpose of prohibiting improper commitment questions is "to ensure that the jury will listen to the evidence with an open mind—a mind that is impartial and without bias or prejudice—and render a verdict based upon that evidence." *Sanchez v. State*, 165 S.W.3d 707, 712 (Tex.Crim.App.2005). However, not all commitment questions are improper. *See Standefer v. State*, 59 S.W.3d 177, 181 (Tex.Crim.App.2001).

■ When a party has alleged that a voir dire question is an improper commitment question, the trial court must first determine whether a particular question is in fact a commitment question. *Id.* at 179. If it is a commitment question, then the court must decide whether it is nevertheless a proper commitment question. *See id.* at 181.

■ To determine whether the question is a proper commitment question, the court first inquires whether one of the possible answers to the question gives rise to a valid challenge for cause. *Id.* at 181–82. If it does not, then the question is not proper and should be disallowed by the trial court. *See id.* If the commitment question gives rise to a valid challenge for cause, then the court must determine whether the question contains only those facts necessary to test whether a prospective juror is challengeable for cause. *Id.* at 182. Additional facts supplied beyond what is necessary to sustain a challenge for cause render improper what otherwise would have been a proper question. *Id.*

### B. Analysis

1. **Was the State's question a commitment question?**

---

1. *See* TEX. PEN.CODE ANN. § 19.02 (Vernon 2003).

■ Appellant complains that the State was improperly permitted to ask the venire panel, "Do you think that you would be more likely than any other defendant to consider self-defense just because she is a woman?" This question, in similar forms, was repeated to members of the venire on individual bases.

■ Appellant and the State agree that the question was a commitment question. "Commitment questions are those that commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact." *Id.* at 179. Here, the State's question asked the prospective jurors if any would resolve the issue of self-defense more favorably to the defendant based on the knowledge that the defendant was a woman. Therefore, we agree with the parties and conclude that the State's question was a commitment question. *See id.* at 183; *see also Lydia v. State,* 109 S.W.3d 495, 499 (Tex.Crim.App.2003).

**2. Did the question give rise to a valid challenge for cause?**

■ Pursuant to Code of Criminal Procedure article 35.16(a)(9), a prospective juror may be challenged for cause if he exhibits a bias or prejudice in favor of or against the defendant.[2] TEX.CODE CRIM. PROC. ANN. art. 35.16(a)(9) (Vernon Supp. 2006); *Smith v. State,* 907 S.W.2d 522, 530 (Tex.Crim.App.1995) (holding that prospective juror with bias or prejudice against parties must be excused for cause); *see, e.g., Rushing v. State,* 962 S.W.2d 100, 101 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd) (holding that prospective juror who stated that she felt appellant was not guilty because black people are often

wrongly accused was properly stricken for cause under article 35.16(a)(9)). In this case, the challenged examination by the State sought to determine whether the prospective jurors had an automatic predisposition toward finding that appellant acted in self-defense simply because she was a woman. An affirmative answer to such an inquiry gives rise to a valid challenge for cause under article 35.16(a)(9) because it reveals a bias in favor of the defendant. *See Tijerina v. State,* 202 S.W.3d 299, 303–04 (Tex.App.-Fort Worth 2006, pet. ref'd) (concluding that commitment question, regarding whether prospective jurors would automatically disbelieve witness's testimony simply because he was a convicted felon, was proper because affirmative response would lead to valid strike for cause under article 35.16(a)(9)); *see also Sanchez v. State,* No. 04-02-00624-CR, 2006 WL 1623311, at *3 (Tex.App.-San Antonio, June 14, 2006, pet. ref'd) (mem. op., not designated for publication) (citing article 35.16(a)(9) and holding that State's commitment question asking whether venire members would be biased in favor of defendant due to her disability was a proper commitment question because it would lead to valid challenge for cause).

Because an affirmative answer to the State's commitment question would lead to a proper challenge for cause, we proceed to the last inquiry: whether the commitment question included only those facts necessary to test whether a prospective juror was challengeable for cause.

**3. Did the State's question include only necessary facts?**

■ As mentioned, a commitment question may be improper if it includes facts in addition to those necessary to es-

---

**2.** In this context, the court of criminal appeals has defined bias as "an inclination toward one side of an issue rather than the other ... [which] leads to the natural infer-

ence that [a juror] will not or did not act with impartiality"; prejudice has been defined as "prejudgment." *Anderson v. State,* 633 S.W.2d 851, 853 (Tex.Crim.App.1982).

tablish a challenge for cause. *Standefer*, 59 S.W.3d at 182. That is, the question should not contain more case-specific facts than needed to give rise to a valid challenge for cause. In *Atkins v. State*, the Court of Criminal Appeals held the following commitment question to be improper, "If the evidence, in a hypothetical case, showed that a person was arrested and they [sic] had a crack pipe in their [sic] pocket, and they [sic] had a residue amount in it, and it could be measured, and it could be seen, is there anyone who could not convict a person, based on that—[?]" 951 S.W.2d at 789. The court explained that the question was improper because it "serve[d] no purpose other than to commit the jury to specific set of facts prior to the presentation of any evidence at trial." *Id.*

In this case, the State's question did not include facts that were unnecessary to determining a valid challenge for cause. The question did not attempt to commit the prospective jurors to a specific set of facts prior to the presentation of evidence at trial.[3] *See id.* Rather, the State's inquiry included only one fact—the fact that appellant was a woman. This fact was necessary to test whether a prospective juror was challengeable for cause. Specifically, it was necessary to ascertain whether any prospective juror possessed a preexisting bias in favor of appellant solely because she was a woman. *See Standefer*, 59 S.W.3d at 182.

In sum, the State's question was a commitment question, but it was a proper commitment question. The question gave rise to a valid challenge for cause, and it included no more facts than necessary to elicit the challenge. We hold that the trial court did not abuse its discretion by allowing the State to ask the prospective jurors whether they were more likely to consider a claim of self-defense made by a woman.

We overrule appellant's first issue.

## Challenges for Cause

Veniremembers 1, 2, 7, and 19 responded affirmatively to the State's commitment question. Based on these responses, the trial court allowed the State to strike those veniremembers for cause. In her second issue, appellant contends that "the trial court erred when it granted the State's challenges for cause based upon the responses to the improper commitment question asked by the state during voir dire."

 We review a trial court's determination of a challenge for cause for abuse of discretion. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992). On appeal, the only argument offered in support of appellant's second issue is as follows: "[S]ince the State's question did not serve to establish a valid challenge for cause under the law ..., Jurors #1, #2, #7, and #19 were erroneously excused for cause by the trial court herein." As discussed with regard to appellant's first issue, the State's question gave rise to a valid challenge for cause. Accordingly, we hold that the trial court did not abuse its discretion by allowing the State to strike Veniremembers 1, 2, 7, and 19 for cause. *See* Tex.Code Crim. Proc. Ann. art. 35.16(a)(9).

We overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

---

**3.** For example, the State did not include the fact that the complainant was a man or that

he was appellant's husband.