Opinion issued March 1, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00872-CR

———————————

Dedric Adams, Appellant

V.

THE State of
Texas, Appellee



 



 

On Appeal from the 337th District Court

Harris County, Texas



Trial Court Case No. 1163980

 



MEMORANDUM OPINION

          A
jury convicted appellant, Dedric Adams, of injury to a child and assessed his
punishment at twenty years’ confinement. [1]  In his sole point of error, appellant argues
that the trial court improperly limited his opportunity to question the venire.       We
affirm.

                                                                                                                                                                
Background

Appellant was indicted for injury to a child after the
death of his two-month-old daughter from injuries apparently caused by severe
shaking and blunt force trauma. 
Appellant was tried before a jury.

Prior to
the commencement of voir dire, the trial court instructed the venire that
appellant was charged with the offense of injury to a child.  During its voir dire, the State elaborated on
the meaning of “serious bodily injury” by informing the venire that it “means
bodily injury that creates a substantial risk of death or that actually causes
death, serious permanent disfigurement, or protracted loss or impairment of the
function of any bodily member or organ.”  The State used several hypothetical scenarios
to determine whether any member of the venire would be unable to apply that
definition, including a scenario in which someone actually suffered death.  

During his
voir dire, appellant’s attorney stated, “Now [appellant] is charged with injury
to a child resulting in death.  Is there
anyone who believes that the nature or seriousness of this offense is such that
it would make it difficult or impossible for you to be a fair and impartial
juror in this case?”  The State objected
to this question because it revealed a specific fact in the case in violation
of Standefer v. State, 59 S.W.3d 177
(Tex. Crim. App. 2001).  The trial court
sustained the objection.  

The
following exchange then took place:

[Appellant]:          Does everyone understand that it is
normal to get emotional about certain types of cases?

 

[Venire]:               Yes.

 

[Appellant]:          And no one is going to hold it against
you if you get emotional, but we need to know if you think that your emotions
would get in your way with sitting on this case.

 

[Venireperson]:    Yes.

 

[Venireperson]:    Yes.

 

[Trial court]:         Now, ladies and gentlemen of the jury,
understand this: All cases that we come down here on can be very difficult
cases for individual jurors. . . .  So, sometimes you just have to—we’re
adults—put your emotions aside and realize that we’re here to do a civic job, to
do a civic duty. . . . 
And so, I’m just asking each of you to give honest and fair answers; and
to the best of your ability, try to put yourself in a frame of mind that you
could be a fair and impartial juror in this type of case. . . .

 

[Appellant]:          What we need to know is, for those of
you who said “yes”—and I didn’t get your numbers—do you
think you could put your emotions aside, not knowing any of the facts of this
case, and decide this case based on the evidence you hear in here?

 

More
than fifteen members of the venire responded that they would be unable to put
their emotions aside.  

Appellant
continued his voir dire by asking questions regarding false allegations of
child abuse and using hypothetical situations involving unexplained or natural
deaths of children.  Appellant subsequently
asked to approach the bench and requested that the court allow him to ask the
venire whether “everyone understand[s] that just because a child dies does not
mean a crime occurred?”  The following
colloquy occurred:

[Trial court]:         You’re going into the facts of the
case?  Haven’t you already gone into the
facts of the case?

 

[Appellant]:          Your Honor, the question here is, Your
Honor, I’m entitled to know what biases they come into the trial with; and if
they’re coming into the trial with a bias that if a child died, a crime must
have been committed—

 

[State]:                 The problem is, Judge, he’s not
charged with killing her.  It’s not a
murder case.  It’s not a capital murder
case.  It’s only injury.  Now, obviously, that’s what we intend to
prove; but that’s not what this jury can know about at this point.  If he wants to say if a baby is injured, has
a crime occurred, I think that that might be acceptable. . . .

 

The
State also objected that appellant’s question sought an improper commitment
from the jurors based on their opinions regarding the death of a child and
based on a specific fact not contained in the indictment.  The trial court did not permit the question
and noted appellant’s objection. 
Appellant then proceeded with the remainder of his voir dire.

          Following a trial, the jury convicted
appellant of injury to a child and assessed his punishment at twenty years’
confinement.  This appeal followed.

                                                                                                                                          
Limitation of Voir Dire

In his sole point of error, appellant argues that the
trial court erred in refusing his request to ask the venire whether “everyone understand[s] that just because a
child dies does not mean a crime occurred?” 
The State argues that the trial court properly excluded the
question because it “included impermissible facts to form an improper commitment
question.”  The State also argues that
“the phrasing of the question was unduly vague and overbroad[,] merely
attempting a global fishing expedition which the trial court may permissibly
disallow.”  

A.              
Standard of Review

The trial court has broad discretion over the process of
selecting a jury.  Barajas v. State, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002); Braxton v. State, 226 S.W.3d 602, 604
(Tex. App.—Houston [1st Dist.] 2007, pet. ref’d, untimely filed).  We therefore review the trial court’s ruling
on an allegedly improper question during voir dire for an abuse of
discretion.  See Barajas, 93 S.W.3d at 38; Braxton,
226 S.W.3d at 604.  A trial court abuses
its discretion “only when a proper question about a proper area of inquiry is
prohibited.”  Barajas, 93 S.W.3d at 38.

A proper question seeks to discover a juror’s views on an
issue applicable to the case.  Id.; Watson
v. State, 176 S.W.3d 413, 415 (Tex. App.—Houston [1st Dist.] 2004, no
pet.).  However, a trial court may
prevent a voir-dire question that is so vague or broad in nature as to
constitute a global fishing expedition.  Barajas, 93 S.W.3d at 39; Watson, 176 S.W.3d at 415.  A trial court may properly exercise its
discretion to “require that parties phrase questions in a way that is precise
enough to glean relevant information from the venire member’s answer.”  Barajas,
93 S.W.3d at 39; Watson, 176 S.W.3d
at 415–16.  A trial court may also limit
voir dire under other circumstances, such as when the questions are duplicative
or repetitious.  See Dinkins v. State, 894 S.W.2d 330, 345 (Tex. Crim. App. 1995)
(citing Guerra v. State, 771 S.W.2d
453, 467 (Tex. Crim. App. 1988)).

B.              
Analysis

Appellant sought to ask the venire, “[Does] everyone understand that just because a child
dies does not mean a crime occurred?” 
Thus, the proposed question here seeks to have potential jurors
decide whether they would determine that a crime had been committed based on
the existence of a particular fact—the death of a child.  It is unclear whether any
answer to this question would give rise to a valid challenge for cause.  Appellant argues that a potential juror who
answered in the affirmative (i.e., “yes, a child dying means a crime has been
committed”) “could have produced a valid challenge for cause because it would
show that a juror, upon hearing the complainant died, would have prematurely
decided [a]ppellant’s guilt.”  However,
the actual question proposed by appellant did not make a direct reference to his
guilt or innocence, but instead asked generally about conditions under which
potential jurors might believe a crime occurred.  See
Barajas, 93 S.W.3d at 39 (“The trial court may, within its discretion,
require that parties phrase questions in a way that is precise enough to glean
relevant information from the venire member’s answer.”).

The trial court could have concluded, in its discretion,
that the question was phrased too vaguely. 
In Barajas, the defendant
proposed asking the venire members whether they “could be impartial in an
indecency case involving a victim who was eight to ten years old or, in the
alternative, a victim who was nine years old.” 
93 S.W.3d at 38.  The court
examined various reasons the defendant may have sought to ask that question,
and concluded that the question constituted a global fishing expedition.  Id.
at 41–42 (comparing cases in which questions were “narrowly tailored to an
issue relevant to the case” with cases that failed to “seek particular
information from a particular panel member” and instead “present[ed] a general
topic for discussion” in concluding that appellant’s question was too vague and
broad).  

Here, the trial court could have determined that the general
question whether “everyone
understand[s] that just because a child dies does not mean a crime occurred?” did
not appear reasonably specific or “calculated to bring out that information
which might be said to indicate a juror’s inability to be impartial, truthful,
and the like.”  See id. at 41 (quoting Gonzales
v. State, 3 S.W.3d 915, 917 (Tex. Crim. App. 1999)).

We also observe that appellant was allowed to ask other questions
regarding the venire members’ ability to put aside the strong emotions raised
by cases like this and to provide fair and impartial judgment.  Appellant’s
attorney asked the venire, “Now [appellant] is charged with injury to a child
resulting in death.  Is there anyone who
believes that the nature or seriousness of this offense is such that it would
make it difficult or impossible for you to be a fair and impartial juror in
this case?”  Although the trial court
sustained the State’s objection to this question, it also interjected
statements regarding the necessity of having jurors who could sit on
emotionally taxing cases, and it allowed appellant to follow up with the
question, “Does everyone understand that it is normal to get emotional about
certain types of cases?”  Appellant was
also able to state, “[W]e need to know if you think that your emotions would
get in your way with sitting on this case,” and to follow up by asking each
venire member, “[D]o you think you could put your emotions aside, not knowing
any of the facts of this case, and decide this case based on the evidence you
hear in here?”  Furthermore, appellant
was able to ask the venire multiple questions regarding the venire
members’ beliefs about and understanding of infant deaths from natural or
unexplained causes—i.e., infant deaths in situations involving no criminal
conduct.  Thus, the trial court could
have determined that appellant’s requested question was duplicative or
repetitious.  See Dinkins, 894 S.W.2d at 345.

The prosecutor suggested an alternative question by
stating, “If he wants to say if a baby
is injured, has a crime occurred, I think that that might be
acceptable. . . .”  Appellant
was permitted to continue questioning the venire following the State’s
objection to his potential question, but he did not attempt to rephrase and
pursue this line of questioning.  See Wright v. State, 28 S.W.3d 526, 534
(Tex. Crim. App. 2000) (holding, when appellant did not “attempt to determine
the basis of the trial court’s ruling” or “attempt to comply with it,” that, “[b]ecause
appellant did not follow through on this topic, we cannot say that the trial
court improperly restricted his voir dire of this venire member”), superseded by statute on other grounds, Coleman v. State, No. AP-75478, 2009 WL
4696064, at *11 (Tex. Crim. App. Dec. 9, 2009) (not designated for publication)
(citing Tex. Code Crim. Proc. Ann.
art. 37.071).

Thus, we conclude that the trial court did not abuse its
discretion in refusing to allow appellant to ask his requested question.  See Barajas,
93 S.W.3d at 38.

We overrule appellant’s sole point of error.




 

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel consists of Justices Keyes, Bland, and
Sharp.

Do not publish. 
 Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. § 22.04
(Vernon Supp. 2011).