**Affirmed as Modified; Opinion Filed October 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00673-CR

### OSCAR AVILA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1271796-M**

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Stoddart

A jury convicted Oscar Avila of indecency with a child and sentenced him to six years' confinement. In two issues, Avila argues the trial court erred during jury selection by granting the State's challenge for cause of a potential juror based on an improper commitment question and he argues the judgment should be modified to reflect the correct offense for which he was convicted. The State agrees that the judgment should be modified. We modify the judgment to reflect that Avila was convicted of indecency with a child by contact, rather than "indecency child continuous" as mistakenly appears in the trial court's judgment. As modified, we affirm the trial court's judgment.

In his first issue, Avila argues the trial court abused its discretion by granting one of the State's challenges for cause because the State asked an improper commitment question of a potential juror. The State asked the venire whether one witness's testimony would be sufficient

evidence for each person to return a guilty verdict. The juror at issue in this case (Potential Juror) replied: "[d]epends on the age who was testifying." The following exchange then occurred:

> [Prosecutor]: Okay. In my fact scenario, you believe the child beyond a reasonable doubt and you believe that we have proven all of those elements through her beyond a reasonable doubt?
>
> [Potential Juror]: If you are talking a six-year-old child, I am still having doubts.
>
> [Prosecutor]: Okay.
>
> [Potential Juror]: If you are talking a teenager, high school, then probably I would believe her.
>
> [Prosecutor]: Let me ask you this, do you think a child who is six can't be truthful on the stand?
>
> [Potential Juror]: Not entirely.
>
> [Defense Counsel]: Judge, object to putting specific age into the question.
>
> THE COURT: I will overrule the objection.
>
> [Prosecutor]: You have given me a six-year-old-child scenario, do you believe that child couldn't be truthful or is your question more about is the child competent to testify?
>
> [Potential Juror]: Competent would be more the issue than the six-year-old lying.
>
>  . . .
>
> [Potential Juror]: I have had kids. I have had three kids, and the middle kid look me straight in the eye and lie and I knew it.

The prosecutor then continued to question other members of the venire. Later, Potential Juror was questioned outside of the presence of the venire:

> [Prosecutor]: Okay. Well, let me ask you this, do you believe that a child - - and you put forward the age of six?
>
> [Potential Juror]: Yes.
>
> [Prosecutor]: - - do you believe that a child at the age of six - -
>
> [Defense Counsel]: Judge, objection to going into the facts of the case.
>
> [Court]: Okay. Please do not go into the facts of the case.
>
> [Prosecutor]: I understand, Judge.
>
> [Potential Juror]: If it were elementary age child, young elementary age, my feeling is often that that child is going to say what they think the grown-ups want to hear. The grown-ups have an - - often it is - - I think it could be an involuntary coaching on the grown-ups [sic] part, and the child thinks the grown-ups want me to say this is what happened.
>
> [Prosecutor]: All right. So do you believe that a child can't be truthful?

[Potential Juror]:     Children lie, yes.  If they feel like this is in my best interest to tell a lie, they will.

[Prosecutor]:     Okay.  Are you willing to take those preconceived notions and automatically give a child less credibility if they testify?

[Potential Juror]:     I would probably be taking it with a grain of salt.

[Prosecutor]:     So you wouldn't be able to start a child off equally [sic] say an adult?

[Potential Juror]:     Right.

[Prosecutor]:     You would be more inclined to believe an adult?

[Potential Juror]:     Yes.

[Prosecutor]:     And start a child off with less credibility?

[Potential Juror]:     Yes.

The trial court granted the State's motion to strike Potential Juror for cause because Potential Juror indicated "that she believes that a younger child would be more susceptible to adults - - or less credible."

We review a trial court's ruling on an allegedly improper commitment question during voir dire for an abuse of discretion.  *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002).

A commitment question "attempt[s] to bind or commit a prospective juror to a verdict based on a hypothetical set of facts."  *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001) (quoting *Allridge v. State*, 850 S.W.2d 471, 480 (Tex. Crim. App. 1991)).  Commitment questions "require a venireman to promise that he will base his verdict or course of action on some specific set of facts before he has heard any evidence, much less all of the evidence in its proper context."  *Sanchez v. State*, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005); *Standefer*, 59 S.W.3d at 179 (commitment questions "are those that commit a prospective juror to resolve, or refrain from resolving, an issue a certain way after learning a particular fact").  Improper commitment questions are prohibited to "ensure that the jury will listen to the evidence with an open mind—a mind that is impartial and without bias or prejudice—and render a verdict based upon that evidence."  *Sanchez*, 165 S.W.3d at 712.  Not all commitment questions are improper. *Standefer*, 59 S.W.3d at 181.

–3–

The Court of Criminal Appeals has articulated a three-part test for determining whether a voir dire question is an improper commitment question. *Id.* at 179–84; *Braxton v. State*, 226 S.W.3d 602, 604 (Tex. App.—Houston [1st Dist.] 2007, pet. dism'd). First, the trial court must determine whether the particular question is a commitment question. *Standefer*, 59 S.W.3d at 179. A question is a commitment question if "one or more of the possible answers is that the prospective juror would resolve or refrain from resolving an issue in the case on the basis of one or more facts contained in the question." *Id.* at 180. Second, if the question is a commitment question, the trial court must then determine whether it is a proper commitment question. *Id.* at 181 ("When the law requires a certain type of commitment from jurors, the attorneys may ask the prospective jurors whether they can follow the law in that regard."); *Braxton*, 226 S.W.3d at 604. A commitment question is proper if one of the possible answers to the question gives rise to a valid challenge for cause. *Standefer*, 59 S.W.3d at 182; *Braxton*, 226 S.W.3d at 604. If the question does not, then it is not a proper commitment question and it should not be allowed by the trial court. *Standefer*, 59 S.W.3d at 182. Third, if the question does give rise to a valid challenge for cause, then the court must determine whether the question "contain[s] only those facts necessary to test whether a prospective juror is challengeable for cause." *Id.* "Additional facts supplied beyond what is necessary to sustain a challenge for cause render improper what otherwise would have been a proper question." *Braxton*, 226 S.W.3d at 604.

Either side may challenge a juror for cause when it can show that the juror is incapable or unfit to serve on the jury. TEX. CODE CRIM. PROC. ANN. art. 35.16. A juror may be challenged for cause if either side can show "[t]hat the juror has a bias or prejudice in favor of or against the defendant." *Id*. art. 35.16(a)(9). "A challenge for cause is only proper based on bias if a prospective juror harbors an automatic predisposition toward one view of witness credibility based upon knowledge of a certain fact about the witness." *Tijerina v. State*, 202 S.W.3d 299,

–4–

302 (Tex. App.—Fort Worth 2006, pet. ref'd) (citing *Harris v. State*, 122 S.W.3d 871, 880 (Tex. App.—Fort Worth, 2003, pet. ref'd)).  A potential juror may be properly challenged for cause and removed "if he cannot impartially judge the credibility of a witness."  *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999).  "[J]urors must be open-minded and persuadable, with no extreme or absolute positions regarding the credibility of any witness."  *Id*.

The State agrees with Avila that the prosecutor's questions were commitment questions. However, the State argues they were not improper because the questions could lead to a valid challenge for cause.  According to the State, the questioning attempted to discover whether Prospective Juror "harbored a preexisting bias or prejudice concerning witness credibility."

We agree with the State.  Avila was charged with indecency with a child younger than 17 years of age.  The State could determine whether Prospective Juror could impartially judge a witness's credibility, including a child.  *See Lydia*, 117 S.W.3d at 905.  The prosecutor originally asked Prospective Juror about believing a "child"; it was Potential Juror who differentiated between a "six-year-old child" and a "teenager, high-school."  The prosecutor consistently made clear in her questions that her reference to a six-year-old child was based on Prospective Juror's statement.  Her questions were not based on the facts of the underlying case pending against Avila.  We conclude that the prosecutor's questions sought to elicit whether Potential Juror had an automatic predisposition to disbelieve a child who was a witness and, thus, would have been a proper challenge for cause.  *See Tijerina*, 202 S.W.3d at 302; *Harris*, 122 S.W.3d at 880.  The State's questions included only those facts necessary to determine whether Prospective Juror was challengeable for cause.  *Standefer*, 59 S.W.3d at 182; *Lydia*, 117 S.W.3d at 906.  Therefore, the questions by the State were proper commitment questions and the trial court did not abuse its discretion by overruling Avila's objection.

Even if the State's comments constituted an improper commitment question, any error by the trial court was harmless. We address the potential harm of the State's alleged improper commitment question by applying rule 44.2(b). *See Sanchez*, 165 S.W.3d at 713; TEX. R. APP. P. 44.2(b). We focus "upon whether a biased juror—one who explicitly or implicitly promised to prejudge some aspect of the case because of the State's improper questioning—actually sat on the jury." *See Sanchez*, 165 S.W.3d at 713; *see also* TEX. R. APP. P. 44.2(b). The ultimate harm question is whether the defendant was tried by an impartial jury, or conversely, whether the jury or any specific juror was "poisoned" by the State's improper commitment questions on a legal issue or fact that was important to the determination of the verdict or sentence. *Sanchez*, 165 S.W.3d at 713.

Avila does not argue that the jury was not composed of qualified jurors. *See id.* After reviewing the record, we cannot conclude that the jurors who sat on Avila's jury were not impartial or were biased. Therefore, any alleged error was harmless. *See* TEX. R. APP. P. 44.2(b).

We overrule Avila's first issue.

In his second issue, Avila asserts that the judgment should be modified to properly reflect the offense for which he was convicted. The State agrees. This Court has the authority to correct the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). The record reflects that Avila was charged with indecency with a child by contact, and the jury convicted him of that offense. However, the trial court's judgment states that Avila was convicted of "indecency child continuous."

Because the record shows that Avila was charged with and convicted of the offense of indecency with a child by contact, we sustain Avila's second issue. We modify the trial court's judgment to reflect the proper offense.

As modified, we affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130673F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OSCAR AVILA, Appellant

No. 05-13-00673-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1271796-M.
Opinion delivered by Justice Stoddart.
Justices FitzGerald and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **STRIKE** "INDECENCY CHILD CONTINUOUS" as the offense for which appellant Oscar Avila was convicted. We **MODIFY** the judgment by adding "INDECENCY CHILD BY CONTACT" as the offense for which Avila was convicted.

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of October, 2014.