ACCEPTED
06-14-00052-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/30/2014 11:59:31 PM
DEBBIE AUTREY
CLERK

## No. 06-14-00052-CR

IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/31/2014 11:43:00 AM
DEBBIE AUTREY
Clerk

═══════════════════════════════════════

## MARTIN SUAREZ JUAREZ,
APPELLANT

**v.**

## THE STATE OF TEXAS,
APPELLEE

═══════════════════════════════════════

*On Appeal from the 195th Judicial District Court*
*Hon. Fred Tinsley, Judge Presiding*
*Dallas County, Texas*
*In Cause No.F13-60355-N*

═══════════════════════════════════════

## STATE'S RESPONSE BRIEF

═══════════════════════════════════════

*Counsel of Record:*

CRAIG WATKINS
Criminal District Attorney
Dallas County, Texas

TARA CUNNINGHAM
Assistant District Attorney
State Bar No. 24068757
Frank Crowley Courts Building
133 N. Riverfront Boulevard, LB-19
Dallas, Texas 75207-4399
(214) 653-3828| (214) 653-3643 *fax*
Tara.Cunningham@dallascounty.org

*Attorneys for the State of Texas*

**The State requests oral argument only if Appellant argues.**

# Table of Contents

Table of Contents..............................................................................................i

Table of Authorities ........................................................................................iii

Statement of the Case ......................................................................................iv

Statement of Facts ............................................................................................ 1

Summary of the Argument................................................................................ 6

Argument........................................................................................................... 8

    Response to Issue One.................................................................................. 8

    Response to Issue Two ...............................................................................11

    Response to Issue Three .............................................................................14

    Response to Issue Four................................................................................ 8

    Response to Issue Five...............................................................................11

    Response to Issue Six.................................................................................14

    Response to Issue Seven ............................................................................14

Conclusion....................................................................................................... 16

Certificate of Compliance................................................................................17

Certificate of Service ......................................................................................17

# Table of Authorities

## Cases

*Asberry v. State,*
813 S.W.2d 526 (Tex.App.—Dallas 1991, pet. ref'd)…………………………..12

*Atkins v. State,*
951 S.W.2d 787 (Tex. Crim. App. 1991)………………………………………..2

*Barajas v. State,*
93 S.W.3d 36 (Tex. Crim. App. 2002)……..……………… …………………..2

*Bell v. State,*
877 S.W.2d 21, 24(Tex. App. Dallas 1994))…….…………… …..……………..7,10

*Bigley v. State,*
865 S.W.2d 26 (Tex. Crim. App. 1993)....…………………………...……..12

*Braxton v. State,*
226 S.W.3d 602 (Tex. App.—Houston [1st Dist.] 2007, pet. dism'd)………..…….3,4,5

*Burden v. State,*
55 S.W.3d 608 (Tex. Crim. App. 2001)………………………….……….7,9,10

*Cassidy v. State,*
149 S.W.3d 712 (Tex. Crim. App. 2004)……………………….……..……5

*Coble v. State,*
330 S.W.3d 253(Tex. Crim. App. 2010)………………………….………..7,10

*Cook v. State,*
858 S.W.2d 467, 471 (Tex. Crim. App. 1993)………………………………….6

*Davis v. State,*
349 S.W.3d 517(Tex. Crim. App. 2011)....………………………..….........4

*Delacerda v. State,*
425 S.W.3d 367 (Tex. App.--Houston [1st Dist.] 2011, pet. ref'd)………...……....2

*Dillon v. State,*
2007 Tex. App. LEXIS 9339 (Tex. App. Tyler Nov. 30, 2007, pet. ref'd)………......7

*Lee v. State,*
206 S.W.3d 620 (Tex. Crim. App. 2006)………………………………….…6

*Sanchez v. State,*
165 S.W.3d 707, 712 (Tex. Crim. App. 2005)…………...…….…………………3

*Standefer v. State,*
59 S.W.3d 177 (Tex. Crim. App. 2001)…………..…………..…….………..3,4,5

**Statutes**

Tex. Penal Code § 22.01(a)(1)…...………………………………...……….12

Tex. Penal Code § 22.02(a)…...……………………………………..….…...…..12

Texas Code of Criminal Procedure, Article 35.16(b)(3)…………………...……….5

**Rules**

Tex. R. Evid. 401……………….…...…………………..……...……………….10

Tex. R. Evid. 402……………...……………………..……………..………….10

Tex. R. Evid. 801…………….…...…………………..……………………….7

Tex. R. App. P. 44.2 (b)…………….………….…...….…………………….12

**TO THE HONORABLE COURT OF APPEALS:**

The State's Brief is submitted on behalf of Craig Watkins, the Criminal District Attorney of Dallas County, Texas, in response to the brief of Appellant, Martin Suarez Juarez.

## Statement of the Case

Appellant was indicted for assault causing bodily injury by impeding the complainant's normal breathing and circulation. (CR: 6). The indictment further alleged that the complainant was a member of Appellant's family. (CR: 6). Appellant entered a plea of not guilty. (RR2: 12; RR3: 13). A jury found Appellant guilty and the trial court sentenced Appellant to 8 years' confinement. (CR: 53; RR4: 26, 58). This appeal followed.

## Statement of Facts

The facts relevant to this appeal are adequately set forth in the statement of the case and the arguments sections of this brief.

## Summary of the Argument

**Issue One:**

**Voir Dire.** The trial court did not abuse its discretion when it overruled Appellant's objection to the State's question during voir dire.

**Issue Two:**

**Testimony of Officer Regarding 911 Call Notes.** The trial court did not abuse its discretion when it allowed the investigating officer to testify regarding the 911 call notes while describing the course of her investigation.

**Issue Three:**

**Testimony of Officer Regarding Witness Statement.** The trial court did not abuse its discretion when it allowed the investigating officer to testify regarding the statement of the complaining witness while describing the course of her investigation.

**Issue Four:**

**Relevant Testimony.** The trial court did not abuse its discretion when it allowed testimony regarding the emphasis that the Dallas Police Department has put on family violence.

**Issue Five:**

1

**Investigator's Testimony Regarding Appellant's Immigration Status.** The trial court did not abuse its discretion when it allowed testimony from the State's investigator regarding Appellant's immigration status which fit as an exception to the hearsay rule.

**Issue Six:**

**Investigator's Testimony Regarding Appellant's Immigration Status.** The trial court did not abuse its discretion when it allowed testimony from the State's investigator regarding Appellant's immigration status because it was not speculative.

**Issue Seven:**

**Judgment.** The Court should reform the judgment to reflect that the correct offense statute.

# Argument

**Response to Issue One:**

The trial court did not abuse its discretion when it overruled Appellant's objection to the State's question during voir dire.

**Pertinent Facts:**

During voir dire the State explained to jurors that the State was required to prove beyond a reasonable doubt that Appellant caused bodily injury to the complainant by impeding the normal breathing and circulation of the complainant's blood by applying pressure to her throat or neck or by blocking her nose or mouth

2

with the use of a hand and hands. (RR2: 25). The State also let the jurors know that when she used the word "choking" she was referring to the longer definition of "caused bodily injury to the complainant by impeding the normal breathing and circulation of the complainant's blood by applying pressure to her throat or neck or by blocking her nose or mouth with the use of a hand and hands." (RR2: 26). The State then asked people to raise their hands if they "need to see something more than just bodily injury." Every time a potential juror raised their hand, the State asked them if they would require the State to prove something in addition to bodily injury. (RR2: 26-32). Three prospective jurors in a row raised their hand and said they would require the State to prove more than bodily injury. (RR2: 26-32). The State then asked if Venireperson Thompson felt the same way. (RR2: 32). Thompson said that he "would like to see a bruise or something" in a choking case. (RR2: 32-33). The State followed up by asking the venireperson if no bruising meant that he would render a not guilty verdict. (RR2: 33). The venireperson never responded to the question after the State was interrupted by Appellant's objection. The State followed up by asking the venireperson "You would require the State to prove more than what is required under the law?" to which the venireperson replied, "Yes."

## Standard of Review

The trial court has broad discretion over the process of selecting a jury. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). A trial court's ruling on an allegedly

3

improper commitment question during voir dire is reviewed under an abuse of discretion standard. *Atkins v. State*, 951 S.W.2d 787, 790 (Tex. Crim. App. 1997); *Delacerda v. State,* 425 S.W.3d 367, 381 (Tex. App.--Houston [1st Dist.] 2011, pet. ref'd).

## Applicable Law

A commitment question is a question that commits a prospective juror to resolve or to refrain from resolving an issue a certain way after learning of a particular fact. Commitment questions are impermissible unless the law requires a commitment. *Davis v. State*, 349 S.W.3d 517, 518 (Tex. Crim. App. 20011). Improper commitment questions are prohibited to "ensure that the jury will listen to the evidence with an open mind—a mind that is impartial and without bias or prejudice—and render a verdict based upon that evidence." *Sanchez v. State*, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005). Not all commitment questions are improper, however. *Standefer v. State*, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001).

The Court of Criminal Appeals has articulated a three-part test for determining whether a voir dire question is an improper commitment question. *Id.* at 179*; Braxton v. State*, 226 S.W.3d 602, 604 (Tex. App.—Houston [1st Dist.] 2007, pet. dism'd). First, the trial court must determine whether the particular question is a commitment question. *Standefer*, 59 S.W.3d at 179. A commitment question is one in which one or more of the possible answers is that the prospective juror would resolve or refrain

4

from resolving an issue in the case on the basis of one or more facts contained in the question. *Id.* at 180. Second, if the question is a commitment question, the trial court must determine whether it is a proper commitment question. *Id.* at 181. A commitment question is proper if one of the possible answers to the question gives rise to a valid challenge for cause. *Id.* at 182; *Braxton*, 226 S.W.3d at 604. Lastly, if the question gives rise to a valid challenge for cause, then the court must determine whether the question contains only the facts necessary to test whether the prospective juror can be challenged for cause. *Standefer*, 59 S.W.3d at 179. If additional facts are added beyond what is required to sustain a challenge for cause the question is improper. *Braxton*, 226 S.W.3d at 604.

## Analysis

It was clear that the State was referencing the comments of the other venirepersons who had just responded to her question saying that they would require more than what the State was required to prove under the law. (RR2: 26-32). He said that he "would like to see a bruise or something" in a choking case. (RR2: 32-33). The State followed up by asking the venireperson if no bruising meant that he would render a not guilty verdict. (RR2: 33). That was a preliminary question to establish a challenge for cause. The venireperson never responded to the question after Appellant's objection. The State followed up by asking the venireperson "You would

require the State to prove more than what is required under the law?" to which the venireperson replied, "Yes."

The State may challenge for cause any venireman who has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment. Texas Code of Criminal Procedure, Article 35.16(b)(3). One phase of the law upon which the State is entitled to rely is that the jury will not require a greater burden of proof than beyond a reasonable doubt. *Cook v. State*, 858 S.W.2d 467, 471 (Tex. Crim. App. 1993). The State was required to prove the elements of the crime beyond a reasonable doubt. *Id.* The state was entitled to ask prospective jurors if they would require more than that. *Id.*

The State started off by explaining the burden of proof and then followed up again with the State's burden of proof. (RR2: 25, 34). Even though the State didn't repeat the burden of proof for every question it was clear that each question was in the context of the previous explanation. (RR2: 25-34). The questioning of each juror is not viewed by an appellate court in isolation. *Lee v. State*, 206 S.W.3d 620 (Tex. Crim. App. 2006). In context, the State's later questions are merely short-hand renditions of the original question that properly elicited whether the venire persons could follow the law, and it reasonable to presume the venire persons understood the later questions in that manner.

6

The venireperson did not respond to the State's question after Appellant's objection. Even if the Court found the State's question to be an improper commitment question, which the State does not concede, there was never a commitment or any response to the question from the potential juror and therefore there was no harm.

**Joint Response to Issues Two and Three:**

The trial court did not abuse its discretion when it allowed the investigating officer to testify regarding the 911 call notes and statement of the complaining witness while describing the course of her investigation.

## Standard of Review

Appellate courts review a trial court's ruling on the admission or exclusion of evidence under an abuse of discretion standard. *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). If the trial court's ruling is within the reasonable zone of disagreement, appellate courts will not disturb the ruling. *Id.*

## Applicable Law

Hearsay is a statement, other than one made by the declarant while testifying at the trial, offered for the truth of the matter asserted. Tex. R. Evid. 801; *Coble v. State*, 330 S.W.3d 253 (Tex. Crim. App. 2010). *Bell v. State*, 877 S.W.2d 21, 24(Tex. App. Dallas 1994). The purpose of the rule is to exclude evidence that is too unreliable to

7

be evaluated accurately by the trier of fact. *Id.* If the relevancy of the statement does not hinge on the truthfulness of the statement, it is not hearsay. *Id.* When the declarant appears for cross examination there is no constraint on the use of prior testimonial statements at trial unless it's offered for the truth of the matter asserted. *Dillon v. State*, 2007 Tex. App. LEXIS 9339 (Tex. App. Tyler Nov. 30, 2007)(Pet. ref'd). A witness may testify regarding statements when they are offered to explain the actions taken by the witness after the statement was made. *Id* at 26. Police officer's testimony regarding extra-judicial statements are not inadmissible hearsay when they are admitted not to prove the truth of the matter asserted, but rather to explain how the defendant came to be a suspect. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995); *Jones v. State*, 843 S.W.2d 487, 499 (Tex.Cr.App. 1992).

## Analysis

Officer Courtney Collins responded to a call from someone at Appellant's apartment building regarding a man and woman fighting, and the female screaming, "let me go, let me go." (RR3: 60-61). Whether what the caller said was true or not had no bearing on the relevance of the statement, which only served to explain why Officer Collins Appellant became a suspect and why Officer Collins arrived at Appellant's apartment to investigate the disturbance. Officer Collins decided after investigating the matter to arrest Appellant. (RR3: 66). Office Collins testified that she was not at the scene when the offense took place, but that her decision to arrest was

8

based on her interview with the complainant which was conducted using a language line since the complainant spoke Spanish. (RR3: 61, 64-65). Whether statements made by the complainant to Officer Collins were true had no bearing on the relevance of Officer Collins testimony, which was simply offered to detail the course of her investigation and explain why she made the determination to arrest Appellant for the offence. Similarly, the accuracy of the language line translations did not make a difference as to the relevance of Officer Collin's testimony. The statement's only significance was that it explained the reasons for Officer Collin's actions after the statement was made, not whether it was accurately translated or truthful. Appellant did not make a specific objection to the 911 call notes during trial. The Court should overrule Appellant's objections two and three.

**Response to Issue Four:**

The trial court did not abuse its discretion when it allowed testimony regarding the emphasis that the Dallas Police Department has put on family violence.

### Standard of Review

Appellate courts review a trial court's ruling on the admission or exclusion of evidence under an abuse of discretion standard. *Burden,* 55 S.W.3d at 615. If the trial court's ruling is within the reasonable zone of disagreement, appellate courts will not disturb the ruling. *Id.*

9

## Applicable Law

Relevant evidence is evidence having the tendency to make a fact of consequence more probable or less probable. Tex. R. Evid. 401. Evidence that is not relevant is not admissible. Tex. R. Evid. 402.

## Analysis

Officer Collins testified regarding the importance of family violence cases. (RR3: 81). The relevance stemmed from cross-examination questions in which Appellant suggested that police officers do not typically do a thorough investigation and simply arrest the person who is the largest in size. (RR3: 73, 77-79). Officer Collins response was relevant in that it helped the jurors to understand that the Dallas Police Department does take family violence seriously and why they aim to protect the victim. (RR3: 81). The Court should overrule Appellant's fourth issue.

## Joint Response to Issues Five and Six:

The trial court did not abuse its discretion when it allowed testimony from the State's investigator regarding Appellant's immigration status which fit as an exception to the hearsay rule and was not speculative.

## Standard of Review

Appellate courts review a trial court's ruling on the admission or exclusion of evidence under an abuse of discretion standard. *Burden,* 55 S.W.3d at 615. If the trial

court's ruling is within the reasonable zone of disagreement, appellate courts will not disturb the ruling. *Id.*

## Applicable Law

Hearsay is a statement, other than one made by the declarant while testifying at the trial, offered for the truth of the matter asserted. Tex. R. Evid. 801; *Coble v. State*, 330 S.W.3d 253 (Tex. Crim. App. 2010). *Bell v. State*, 877 S.W.2d 21, 24(Tex. App. Dallas 1994). Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept is properly authenticated. Tex. R. Evid 901.

## Analysis

Dallas County District Attorney's Office Investigator Eraina Longoria testified that she had the opportunity to review Appellant's records contained in the Adult Identification System. The Adult Identification System is a Dallas County is properly authenticated because it is a public record. Investigator Longoria's testimony was not hearsay or speculative because it was based on a public record. Tex. R. Evid 901

**Response to Issue 7:**

The trial court did not abuse its discretion when it allowed testimony regarding the emphasis that the Dallas Police Department has put on family violence.

11

**Standard of Review and Applicable Law**

The Court has the authority to modify the judgment to speak the truth when it has the necessary information to do so. Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S. W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App. –Dallas 1991, pet. ref'd).

**Analysis**

The record provides enough information to correct the judgment in this case. The judgment reflects that the offense statute in this case is Section 22.02 Penal Code. (CR: 46). However, Appellant was indicted and found guilty under Section 22.01. (CR: 6, RR4: 26). Therefore, the Court should exercise its authority to correct the judgment to properly reflect that Appellant was indicted and found guilty under Section 22.01.

## Conclusion

This Honorable Court should overrule his points of error in issues one through six and affirm the judgment below. Additionally, the Court should correct the judgment to properly reflect that Appellant was indicted and found guilty under Section 22.01.

                                           Respectfully submitted,

                                           /s/Tara Cunningham
CRAIG WATKINS                              TARA CUNNINGHAM
Criminal District Attorney                Assistant District Attorney
Dallas County, Texas                      State Bar No. 24068757
                                           Frank Crowley Courts Building
                                           133 N. Riverfront Boulevard, LB-19
                                           Dallas, Texas 75207-4399
                                           (214) 653-3828 | (214) 653-3643 *fax*
                                           Tara.Cunningham@dallascounty.org

## Certificate of Compliance

I certify that this brief contains 3247 words.  This word count includes all necessary parts outlined in Texas Rule of Appellate Procedure 9.4(i)(1), and it was conducted with Microsoft Word 2010.

/s/Tara Cunningham
Tara Cunningham

## Certificate of Service

I certify that a true copy of this brief was served on Julie Woods, as appellate counsel for Martin Suarez Juarez.  Service of an electronically-formatted copy of this brief was made by use of the electronic service function that accompanies the filing of the brief with this Court through the electronic filing service provider to which the State subscribes.

/s/Tara Cunningham
Tara Cunningham
